UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEGACY EARLY LEARNING ACADEMY ) <br> L.L.C. ) <br> ) <br> and ) <br> ) <br> TIFFANY HILL, ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 6:22-cv-3058 |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Legacy Early Learning Academy L.L.C. ("Legacy Early Learning Academy") and Tiffany Hill ("Hill") (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from October 1, 2019 through May 1, 2021 (the "Investigation

1

Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Legacy Early Learning Academy is a corporation within this Court's jurisdiction with an office at 163 West Saddle Club Rd., Fair Grove, MO 65648 where it conducts business.

4. Legacy Early Learning Academy is a non-residential daycare which provided childcare operations.

5. Defendant Hill has actively managed and supervised Legacy Early Learning Academy's operations and its employees during the Investigation Period. Among other things, Hill has hired and fired employees, set their work schedules, and set their pay rates.

6. Hill has acted directly or indirectly in Legacy Early Learning Academy's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Greene County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. Legacy Early Learning Academy is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Legacy Early Learning Academy is an "enterprise" engaged in commerce under the FLSA because it operates a preschool. 29 U.S.C. § 203(s)(1)(B).

10. Legacy Early Learning Academy is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

11. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants failed to pay an employee the employee's final paycheck. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

12. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. The FLSA requires employers to pay their employees at least one and one-half times their regular rates of pay for the hours those employees work in excess of 40 hours in a workweek. 29 U.S.C. § 207.

13. Defendants misclassified certain overtime-eligible employees as exempt professional employees and failed to pay those employees overtime compensation when they worked more than forty hours in a single workweek. Those employees were not bona fide professional employees because their primary job duties did not involve performing professional work, as required by 29 C.F.R. Part 541. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

14. In addition, Defendants did not pay those employees on a salary basis at a salary level of at least $684 per week, as required by 29 C.F.R. § 541.600. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

15. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants failed to provide timekeeping records from October 1, 2019 through December 2, 2019.

**Remedies Sought**

16. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

17. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

s/ Ambriel Renn-Scanlan
AMBRIEL RENN-SCANLAN
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
816-285-7286
Renn-scanlan.ambriel@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

# EXHIBIT A

| EMPLOYEE NAME | AMOUNT OWED |
|---|---|
| Janie Akin | $3,907.22 |
| Alycia Ballinger | $998.46 |
| Shawna Coble | $3,974.50 |
| Cooke, Rachel | $1,868.62 |
| Jordan Faucett | $78.80 |
| Heather Kelso-Wood | $7,721.72 |
| Miranda Ketchum | $596.90 |
| Makenna Linville | $139.04 |
| Rhonda Shelley | $1,463.32 |
| Kiya Ward | $3,813.42 |
| Jessica Webb | $359.66 |
|  | Total: $24,921.66 |